

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

05 - 208

IN RE BEXTRA MARKETING        :        MDL DOCKET NO. _____
LITIGATION                              :
                                        :
_____:

### PLAINTIFF ASEA/AFSCME LOCAL 52 HEALTH BENEFIT TRUST'S MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS TO THE SOUTHERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. § 1407

Plaintiff ASEA/AFSCME Local 52 Health Benefits Trust ("Plaintiff") respectfully moves the Judicial Panel on Multidistrict Litigation for an Order, pursuant to 28 U.S.C. § 1407, (1) transferring one putative class action, currently pending in the United States District Court for the District of Delaware, as well as any cases that may subsequently be filed asserting similar or related claims, to the United States District Court for the Southern District of New York; and (2) consolidating these proceedings with the one other similar action that is currently pending in the District of Delaware, *Hatcher v. Pfizer, Inc., et al.*, No. 05-Civ.-00208 (D. Del.) (filed on April 8, 2005). In support of its Motion for Transfer and Consolidation, Plaintiff states as follows:

1.      The actions for which transfer and consolidation are proposed arise out of the same conduct and allege virtually identical claims. Each action is brought on behalf of

a class of purchasers of Bextra (a pain medicine marketed by Defendants), and alleges that Defendants engaged in a fraudulent and/or deceptive scheme relating to the marketing and sale of Bextra.[1]

2.  The one action proposed for transfer, *Ronnie L. Hatcher v. Pfizer, Inc., et al.*, No. 05-Civ.-00208 (D. Del.) (filed on April 8, 2005) (the "*Hatcher* Action") (currently unassigned), is the only action of which Plaintiff is aware outside the Southern District of New York.

3.  Plaintiff proposes that the *Hatcher* Action be consolidated with the action currently pending in the Southern District of New York, *ASEA/AFSCME Local 52 Health Benefits v. Pfizer, Inc., Pharmacia Corp., and G.D. Searle & Co.*, No. 05 CV 3803 (LTS) (S.D.N.Y.) (filed on April 13, 2005) (assigned to Judge Swain).

4.  The centralization of these actions in a single judicial district for consolidated pretrial proceedings will promote the just and efficient conduct of these actions, will serve the convenience of all parties and witnesses, and will promote the interest of justice, because both actions involve common factual and legal issues, including:

    a.  whether Defendants engaged in a fraudulent and/or deceptive scheme to portray Bextra as a drug having qualities superior to other NSAIDs;

    b.  whether Defendants engaged in a scheme to create consumer demand for Bextra based on deceptive statements concerning Bextra's safety and efficacy;

    c.  whether as a result of this scheme Bextra was overprescribed;

    d.  whether the price of Bextra was inflated as a result of the scheme;

    e.  whether Defendants formed an enterprise for the purposes of carrying out the scheme;

---

[1] Both actions name Pfizer, Inc., Pharmacia Corp. and G.D. Searle & Co. as defendants (the "Defendants").

      f.      whether Defendants used the U.S. mails and wires to facilitate the scheme;

      g.      whether Defendants' conduct violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968;

      h.      whether Defendants are liable for damages under state consumer protection statutes;

      i.      whether Defendants made material misrepresentations or material omissions about the cardiovascular risks associated with using Bextra, the risks of serious skin reactions, and the effectiveness of Bextra; and

      j.      whether members of the Class are entitled to damages based on their payments for Bextra, and, if so, the nature and amount of such damages.

5. Consolidation of the actions before a single court will conserve judicial resources, reduce litigation costs, prevent potentially inconsistent pretrial rulings, eliminate duplicative discovery, and permit the cases to proceed to trial more efficiently.

6. Both actions are in the very early stages of litigation; no responsive pleadings have been filed nor has any discovery been conducted.

7. The proposed transfer and consolidation in the Southern District of New York will be for the convenience of parties and witnesses and will promote the just and efficient conduct of these actions because it is expected that plaintiffs' counsel in both actions will take discovery of the same witnesses and documents.

8. The Southern District of New York has the resources and judicial expertise to properly conduct this case; Defendant Pfizer maintains its principal place of business in New York; relevant witnesses and documents are likely to be found within

the Southern District of New York; and the Southern District of New York is centrally located to all parties.

9.   Plaintiff's Motion is based on the accompanying memorandum of law, the filed pleadings and papers, and other materials that may presented to the Panel before or at the time of any hearing in this matter.

WHEREFORE, Plaintiff respectfully requests that the Panel order that the *Hatcher* Action pending in the District of Delaware, as well as any cases that may be subsequently filed asserting related or similar claims, be transferred to the Southern District of New York for consolidated and coordinated pretrial proceedings.

Dated: April 18, 2005

**BARRACK, RODOS & BACINE**

Regina M. Calcaterra (RC -3858)
170 E. 61st Street
Second Floor
New York, NY 10021
212/688-0782

- and –

By: _____
Leonard Barrack
Robert A. Hoffman
Jeffrey B. Gittleman
Pearlette V. Toussant
Chad A. Carder
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
215/963-0600
Attorneys for Plaintiff ASEA/AFSCME
Local 52 Health Benefits Trust