## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONNIE L. HATCHER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 05-208 (SLR) |
| v. | ) ) | |
| PFIZER INC., PHARMACIA CORP., and G. D. SEARLE & CO., | ) ) ) | |
| Defendants. | ) | |

## MOTION FOR EXTENSION OF TIME
## TO ANSWER OR OTHERWISE RESPOND TO COMPLAINT

Counsel for defendants hereby moves for an extension of time to answer, move or otherwise respond to Ronnie L. Hatcher's ("Hatcher") Complaint until June 2, 2005. This motion is based on the following grounds:

1.    Pursuant to D. Del. LR 7.1.1, counsel for defendants inquired of Hatcher's counsel whether Plaintiff would stipulate to an extension of time to answer, move or ortherwise respond to the Complaint until June 2. As set forth below, plaintiff's current position on that request is unclear and defendants therefore bring this motion out of an abundance of caution.

2.    On or about April 11, 2005, plaintiff delivered copies of the summons and complaint to CT Corporation for service upon defendants Pfizer Inc., Pharmacia Corp., and G. D. Searle & Co. Twenty days from April 11 is Sunday, May 1.

3.    Plaintiff Ronnie Hatcher, a resident of Kentucky, seeks to represent a putative nationwide class of "[a]ll persons in the United States who, since 2001, have paid some or all of the purchase price for Bextra either on their own behalf or on behalf of someone else who ingested this drug." Compl,. ¶ 62. Excluded from the putative class are any individuals

who assert personal injury claims against defendants. Id. The Complaint purports to allege

common law claims and claims for relief under the federal RICO statute and various state

consumer protection statutes.

4.      On April 26, 2005, Richard Horwitz of this firm contacted Jeffrey

Goddess of Rosenthal, Monhait, Gross & Goddess, P.A. and requested an extension of time –

until June 2 -- to respond to the putative class action complaint.

5.      On April 27, Mr. Goddess responded that he did not have an answer but

had conveyed the request to "lead counsel".

6.      On April 27, Mr. Goddess wrote by email that plaintiffs would agree to an

extension of time until June 2 with the following caveat: "We'll agree that the defendants must

file a responsive pleading in this case on June 2d or any date by which a responsive pleading

may become due in any other Bextra case alleging similar claims, whichever date is earlier."

7.      On April 29, this office followed up again with Mr. Goddess to discuss the

caveat in Mr. Goddess's email.

8.      Mr. Goddess thereafter left a voicemail for Benjamin R. Nagin of Sidley

Austin Brown & Wood LLP, co-counsel to defendants, instructing Mr. Nagin to contact Thomas

M. Sobol at Hagens Berman Sobol Shaprio to discuss an extension.

9.      On May 2, 2005, Mr. Nagin called Mr. Sobol several times and was

informed that Mr. Sobol was on a conference call. At approximately 4 p.m., Mr. Sobol's office

(by a colleague of Mr. Sobol named "Heather") informed Mr. Nagin that Mr. Sobol would be on

a conference call for the remainder of the day and would call with an answer to the request for an

extension "in the a.m." – one day after a response to the Complaint is due. However, "Heather"

of Mr. Sobol's office also stated that plaintiff "would not default" defendants.

10.    Late in the day on May 2, 2005, Philip Rovner of this firm contacted

plaintiff's Delaware counsel, Mr. Goddess, in a final attempt to reach an agreement with plaintiff

on an extension.  In a voice mail, Mr. Goddess reiterated what had been plaintiff's position

earlier – that plaintiff would respond to defendants' request the following day, May 3, and that

plaintiff "would not default" defendants.

11.    To avoid confusion and any further delay on defendants' reasonable

request for an extension of time to respond to plaintiff's putative class action complaint,

defendants respectfully request an extension until June 2, 2005 to answer, move or otherwise

respond to the Complaint.

                                             POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Benjamin R. Nagin                    By: _____
Sidley Austin Brown & Wood LLP              Richard L. Horwitz (#2246)
787 Seventh Avenue                          Hercules Plaza
New York, NY 10019                          P.O. Box 951
(212) 839-5300                              Wilmington, DE  19899
                                            (302) 984-6000
Dated:  May 2, 2005                         E-mail: rhorwitz@potteranderson.com
680520
                                     Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I do hereby certify that, on May 2, 2005, the within document was filed with the

Clerk of Court using CM/ECF which will send notification of such filing to the

following; that the document was served on the following counsel as indicated; and that

the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY**

Jeffrey S. Goddess, Esq.
Rosenthal, Monhait, Gross & Goddess, P.A.
Suite 1401, 919 Market Street
P.O. Box 1070
Wilmington, DE  19899-1070

/s/ Richard L. Horwitz

_____
Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
E-mail: rhorwitz@potteranderson.com