

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX<br>    PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1691 |
| IN RE BEXTRA MARKETING AND SALES<br>    PRACTICE LITIGATION | MDL DOCKET NO. 1693 |
| IN RE CELEBREX MARKETING AND SALES<br>    PRACTICE LITIGATION | MDL DOCKET NO. 1694 |

### MOTION TO TRANSFER AND CONSOLIDATE
### PURSUANT TO 28 U.S.C. § 1407

NOW INTO COURT, through undersigned counsel, come the plaintiffs, Betty A.
Alexander and Allied Services Division Welfare Fund, on behalf of themselves and all others
similarly situated, Representative Plaintiffs, v. Pfizer, Inc., Defendant, U.S.D.C., Eastern District
of Louisiana, New Orleans Division, C.A. 05-1720, Sect. E, Mag. 5, who respectfully move the
Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. §
1407, to transfer and consolidate the cases listed in the attached Schedule of Actions Involved,
such actions concerning consumer, third-party payor ("TPP"), and personal injury claims
stemming from the prescription drugs Bextra (Valdecoxib) and Celebrex (Celecoxib).

Plaintiffs pray that the Panel transfer and consolidate the cases referenced in the attached Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial proceedings.

1.

Movants are consumers and third-party payors who sustained economic injuries as a result of the ingestion of Bextra and/or Celebrex by themselves and/or their insureds.

2.

Bextra and Celebrex were approved by the FDA in 2001 and 1998, respectively. Ingestion of Bextra and/or Celebrex greatly increased the risks of strokes and heart attacks, and ingestion of Bextra increased the risk of a dangerous, potentially fatal skin disease.

3.

Bextra and Celebrex were marketed using fraudulent and misleading advertising and packaging materials, without disclosure of these increased risks. Consumers were made to pay a premium for Bextra and Celebrex, while not being informed of the elevated risks of injury associated with ingesting these drugs. Consumers actually suffered such injuries, and they or their health insurance providers were required to pay for the treatment of such injuries.

4.

Subsequently, Bextra was removed from the market at the direction of the FDA because of the increased risk of the dangerous, potentially fatal cardiac- and skin-related conditions in people who ingested Bextra.

5.

The transfer and consolidation of these suits is appropriate, and will serve the purpose of judicial economy, national coordination of discovery and other pre-trial efforts, will prevent

duplicative and potentially conflicting pretrial rulings, will reduce the costs of litigation and allow cases to proceed more efficiently to trial.

Respectfully submitted,

DUGAN & BROWNE, APLC

James R. Dugan, II, T.A. (LSBA No. 24785)
Douglas R. Plymale (LSBA No. 28409)
650 Poydras Street,  Suite 2150
New Orleans, Louisiana 70130
Telephone:    (504) 648-0180
Facsimile:    (504) 648-0181

Art Sadin (TSBA 17508450)
SADIN LAW FIRM, P.C.
1104 S. Friendswood Drive, Ste A
Friendswood, TX 77546
Tel:    (281) 648-7711
Fax:    (281) 648-7799

Counsel for Plaintiffs in Betty A. Alexander
and Allied Services Division Welfare Fund,
on behalf of themselves and all others
similarly situated, Representative Plaintiffs,
v. Pfizer, Inc., Defendant, U.S.D.C., Eastern
District of Louisiana, C.A. 05-1720

**BEFORE THE JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX<br>　　PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1691 |
| IN RE BEXTRA MARKETING AND SALES<br>　　PRACTICE LITIGATION | MDL DOCKET NO. 1693 |
| IN RE CELEBREX MARKETING AND SALES<br>　　PRACTICE LITIGATION | MDL DOCKET NO. 1694 |

**MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407**

NOW INTO COURT, through undersigned counsel, come the plaintiffs, Betty A. Alexander and Allied Services Division Welfare Fund, on behalf of themselves and all others similarly situated, Representative Plaintiffs, v. Pfizer, Inc., Defendant, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 05-1720, Sect. E, Mag. 5, who respectfully move the Judicial Panel on Multidistrict Litigation (the "Panel") for an Order pursuant to 28 U.S.C. § 1407, to transfer and consolidate the cases listed in the attached Schedule of Actions Involved, such actions concerning consumer, third-party payor, and personal injury claims stemming from the prescription drugs Bextra (Valdecoxib) and Celebrex (Celecoxib).

1

Plaintiffs pray that the Panel transfer and consolidate the cases referenced in the attached Schedule of Actions Involved to a single district for coordinated and/or consolidated pre-trial proceedings.

## A.    BACKGROUND OF THE LITIGATION

Celebrex (Celecoxib) and Bextra (Valdecoxib) were approved by the FDA in December 1998, and November 2001, respectively. Ingestion of Bextra and/or Celebrex greatly increased the risks of strokes and heart attacks, and ingestion of Bextra also increased the risk of Stevens-Johnson syndrome, a dangerous, potentially fatal skin disease.

Bextra and Celebrex were marketed using fraudulent and misleading advertising and packaging materials, without disclosure of these increased risks. Consumers were made to pay a premium for Bextra and Celebrex, while not being informed of the elevated risks of injury associated with ingesting these drugs. Consumers actually suffered such injuries, and they or their health insurance providers were required to pay for the treatment of such injuries.

Bextra was removed from the market at the direction of the FDA because of the undisclosed, increased risk of the dangerous, potentially fatal cardiac- and skin-related conditions in people who ingested Bextra.

Numerous products liability suits have been filed on behalf of plaintiffs who ingested Bextra and/or Celebrex, and who consequently suffered personal and economic injuries, and marketing and sales practice suits have been filed on behalf of plaintiffs who, as a result of the defendant's alleged fraudulent and deceptive marketing and sales practices, suffered economic injuries. Movers have filed suit in the Eastern District of Louisiana that encompasses the consumer and third-party payor causes of action for the Bextra and Celebrex Marketing and Sales Practices Litigation, and the Bextra and Celebrex Products Liability Litigation.

The transfer and consolidation of these suits is appropriate, and will promote judicial economy and convenience. National coordination of discovery and other pre-trial activities will reduce or prevent duplicative and potentially conflicting pre-trial rulings, will reduce the costs of litigation, and allow cases to proceed more efficiently to trial.

## B.    TRANSFER AND CONSOLIDATION INTO A SINGLE MDL WILL PROMOTE THE JUST AND EFFICIENT CONDUCT OF THE LISTED ACTIONS

Transfer, coordination, and/or consolidation of actions is appropriate when: (1) the actions involve one or more common questions of fact; (2) the transfer would serve the convenience of the parties and witnesses; and (3) the transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407. Cases involving common questions of fact should be transferred to a single forum to prevent duplicative discovery and eliminate the possibility of inconsistent procedural determinations.

A review of the Complaints of the actions listed in the attached Schedule of Actions clearly reveals common questions and issues among all of the suits. All these cases involve the same defendant and innumerable common, if not identical, discovery issues that warrant the consolidation of all of these actions into a single MDL. Consolidating all of these cases that have such discovery overlap would promote judicial economy and would reduce the burden on the defendant of litigating and conducting discovery in multiple forums.

The Products Liability cases have extensive overlap with the Marketing and Sales Practices cases. In a nearly identical situation, on April 19, 2005, the Panel recently consolidated the Neurontin Products Liability Litigation with the Neurontin Marketing and Sales Practices Litigation, thereby changing the name of MDL 1629 from In re Neurontin Marketing and Sales Practices Litigation to In re Neurontin Marketing, Sales Practices and Products Liability Litigation. As stated in the Panel's Transfer Order, combining for the Neurontin Products

Liability Litigation with the Neurontin Marketing and Sales Practice Litigations, would "serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Likewise, combining the Bextra and Celebrex Products Liability Litigation with the Bextra and Celebrex Marketing and Sales Practices Litigations in one forum is appropriate and will promote judicial economy and convenience.

C. **THE PANEL SHOULD TRANSFER ALL BEXTRA AND CELEBREX PRODUCTS LIABILITY AND MARKETING AND SALES PRACTICES LITIGATION TO THE EASTERN DISTRICT OF LOUISIANA**

Since common questions of fact warrant consolidation/coordination of the Bextra and Celebrex Products Liability Litigation cases with the Bextra Marketing and Sales Practice Litigation cases and the Celebrex Marketing and Sales Practice Litigation cases, the Panel must decide to which district court these cases should be transferred pursuant to 28 U.S.C. § 1407. The factors that the Panel considers in selecting a suitable transferee district include (1) the geographical centrality and convenience of the district; (2) the pendency in that district of actions subject to the motion to transfer; (3) the likelihood of additional actions being filed in that district; (4) the relative progress of litigation in the various districts; (5) the docket of the proposed transferee court; (6) the location of the parties and witnesses; (7) the familiarity of the transferee court with the litigation; and (8) the preference of the parties. See, e.g., In re Upjohn Co. Antibiotic "Cleocin" Prods. Liab. Litig., 450 F. Suppp. 1168 (J.P.M.D.L. 1978) In re "Factor III or IX Concentrate Blood Products, " Prod. Liab. Litig., 853 F. Supp. 454 (J.P.M.D.L. 1986); In re Cutter Labs., Inc. "Braunwald-Cutter" Aortic Heart Valve Prods. Liab. Litig., 465 F. Supp. 1295 (J.P.M.D.L. 1979). A consideration of these factors in the Bextra and Celebrex Products Liability Litigation, the Bextra Marketing and Sales Practice Litigation, and the Celebrex Marketing and Sales Practice Litigation reveals that the Eastern District of Louisiana, where

numerous cases are before the Honorable Judge Stanwood R. Duval, Jr., is the most appropriate transferee forum.

First, the Eastern District of Louisiana is a geographically central and easily accessible forum to litigants from all over the country. New Orleans has countless modern hotel accommodations and convention/litigation support facilities within walking distance of the federal courthouse. In addition, witnesses to the events that make out the claims alleged in these cases are located throughout the country, including the Eastern District of Louisiana.

Second, there are many Bextra and/or Celebrex Products Liability cases and Bextra and/or Celebrex Marketing and Sales Practices Litigation cases already filed in the Eastern District of Louisiana, and these cases have progressed as far as, if not further than, any other cases around the country. In addition, the Eastern District of Louisiana is the only district where a combined consumer and third-party payor case has been filed. Consequently, the Eastern District of Louisiana has a combination of all types of cases filed; therefore, transfer to the Eastern District of Louisiana would ensure that all parties are represented in one combined single forum to further the foals of promoting judicial economy and convenience in the spirit of 28 U.S.C. § 1407.

Third, in contrast to districts such as the District of Massachusetts, which has 11 pending MDL actions, and the Southern District of New York, which has 34 pending MDL actions, the Eastern District of Louisiana has only five independent pending MDL actions: Vioxx (MDL 1657), Propulsid (MDL 1355), Amite Train Derailment (MDL 1531), High Sulfer Content Gasoline (MDL 1632), Educational Testing Service (MDL 1643) and the related Industrial Life Litigations (MDL 1371, 1382, 1390, 1391, & 1395). Moreover, the Eastern District of Louisiana has a docket load of only 250 cases per Judge.

Fourth, Judge Stanwood Duval, Jr., of the Eastern District of Louisiana has experience in handling MDL cases. Judge Duval was assigned the In Re: Mastercard International Inc., Internet Gambling Litigation, and Visa International Service Association Internet Gambling Litigation (MDL 1321 & 1322), which has, to the undersigned's knowledge, been resolved.

Finally, the Eastern District of Louisiana Clerk's Office has the infrastructure and experience to handle the additional MDL caseload. The Panel's recent transfer of Vioxx (MDL 1657) to Judge Fallon in the Eastern District of Louisiana shows the Panel's confidence in the capabilities of the Eastern District of Louisiana.

After weighing all of the factors that the Panel should consider, it is respectfully submitted that the Eastern District of Louisiana is the appropriate forum in which to consolidate the Bextra and Celebrex Products Liability Litigation, and the Bextra Marketing and Sales Practice Litigation, and the Celebrex Marketing and Sales Practice Litigation

## CONCLUSION

For the foregoing reasons, the Panel should transfer all Bextra and Celebrex Products Liability Litigation cases, all Bextra Marketing and Sales Practice Litigation cases, and all Celebrex Marketing and Sales Practice Litigation cases to the Eastern District of Louisiana for consolidation before Judge Stanwood R. Duval, Jr. for coordinated pretrial proceedings.


Dated: New Orleans, Louisiana
       May 10, 2005

6

Respectfully submitted,

DUGAN & BROWNE, APLC

James R. Dugan, II, T.A. (LSBA No. 24785)
Douglas R. Plymale (LSBA No. 28409)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone:    (504) 648-0180
Facsimile:    (504) 648-0181

Art Sadin (TSBA 17508450)
SADIN LAW FIRM, P.C.
1104 S. Friendswood Drive, Ste A
Friendswood, TX 77546
Tel:    (281) 648-7711
Fax:    (281) 648-7799

Counsel for Plaintiffs in Betty A. Alexander
and Allied Services Division Welfare Fund,
on behalf of themselves and all others
similarly situated, Representative Plaintiffs,
v. Pfizer, Inc., Defendant, U.S.D.C., Eastern
District of Louisiana, C.A. 05-1720

## BEFORE THE JUDICIAL PANEL

## ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE BEXTRA AND CELEBREX<br>        PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1691 |
| IN RE BEXTRA MARKETING AND SALES<br>        PRACTICE LITIGATION | MDL DOCKET NO. 1693 |
| IN RE CELEBREX MARKETING AND SALES<br>        PRACTICE LITIGATION | MDL DOCKET NO. 1694 |

### EXHIBITS IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE PURSUANT TO 28 U.S.C. § 1407

NOW INTO COURT, through undersigned counsel, come the plaintiffs, Betty A. Alexander and Allied Services Division Welfare Fund, on behalf of themselves and all others similarly situated, Representative Plaintiffs, v. Pfizer, Inc., Defendant, U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 05-1720, Sect. E, Mag. 5, who respectfully submit this list of exhibits in support of their Motion to Transfer and Consolidate Pursuant to 28 U.S.C. § 1407:

A.    *Betty A. Alexander and Allied Services Division Welfare Fund, on behalf of themselves and all others similarly situated, Representative Plaintiffs, v. Pfizer, Inc.*, Defendant,

1

U.S.D.C., Eastern District of Louisiana, New Orleans Division, C.A. 05-1720, Sect. E, Mag. 5, filed May 9, 2005.

B.     *In Re Neurontin Marketing and Sales Practices Litigation* (MDL 1629), J.P.M.D.L. Transfer Order, April 19, 2005.

Respectfully submitted,

DUGAN & BROWNE, APLC

James R. Dugan, II, T.A.(LSBA No. 24785)
Douglas R. Plymale (LSBA No. 28409)
650 Poydras Street, Suite 2150
New Orleans, Louisiana 70130
Telephone:     (504) 648-0180
Facsimile:     (504) 648-0181

Art Sadin (TSBA 17508450)
SADIN LAW FIRM, P.C.
1104 S. Friendswood Drive, Ste A
Friendswood, TX 77546
Tel:     (281) 648-7711
Fax:     (281) 648-7799

Counsel for Plaintiffs in Betty A. Alexander and Allied Services Division Welfare Fund, on behalf of themselves and all others similarly situated, Representative Plaintiffs, v. Pfizer, Inc., Defendant, U.S.D.C., Eastern District of Louisiana, C.A. 05-1720