# EXHIBIT 6

Westlaw.

Not Reported in F.Supp. Page 1

Not Reported in F.Supp., 1998 WL 1048241
(Cite as: Not Reported in F.Supp.)

Not Reported in F.Supp., 1998 WL 1048241
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
 United States District Court, W.D. Kentucky.
 George LOVE and Rosemary Love Plaintiffs
 v.
 Danek MEDICAL, Inc., et al. Defendants
 No. CIV.A. 3:95CV-706-S.

Nov. 25, 1998.

Grover S. Cox, Mussler & Associates, Louisville, Thomas J. Kliebert, Jr., Michael K. Heltz, Bruce G. Mohon, Kliebert & Heltz, Gramercy, LA, Arnold Levin, Orthopedic Bone Screw Litigation, Philadelphia, PA, Counsel for Plaintiffs, George Love and Rosemary Love.
Carol D. Browning, W. Kennedy Simpson, Stites & Harbison, Louisville, Philip Lebowitz, Michelle Hart Yeary, Pepper, Hamilton & Scheetz, Philadelphia, PA, Counsel for Defendants, Danek Medical, Inc.; Sofamor Danek Group, Inc.; Sofamor, Inc.; Sofamor SNC; and Warsaw Orthopedic, Inc.

MEMORANDUM OPINION

SIMPSON, Chief J.
*1 This matter is before the court on a motion by the defendants, Sofamor Danek Group, Inc., Danek Medical Inc., Warsaw Orthopedic, Inc., and Sofamor S.N.C. (collectively "Danek"), for summary judgment and a motion by the plaintiffs, George and Rosemary Love, to conform the case to multidistrict litigation pretrial order number 1543. In this products liability action, the plaintiffs allege that orthopedic surgical bone screws manufactured by the defendant and implanted in George Love's spine caused continuing back pain following his surgery. For the reasons stated below, we will grant the defendants' motion and deny the plaintiff's motion by separate order.

FACTS

George Love suffered a back injury on May 24, 1991. After seven months of conservative treatment failed to alleviate his pain, Love's treating physician recommended surgery to fuse and stabilize his spine. Love signed a consent form which outlined the risks and benefits of surgery with the Danek bone screws. On February 18, 1992, this surgery was performed without complication. By November 16, 1992, Love's treating physician concluded that Love was capable of work and released him from his care. Despite this recommendation, Love contends that he remains in constant pain and has continued to see different physicians.

George and Rosemary Love filed this action on October 20, 1995 in this court. On December 12, 1995, this action was transferred to the Eastern District of Pennsylvania as part of the multidistrict litigation proceedings in *In re: Orthopedic Bone Screw Products Liability Litigation*. That court remanded the case to this court in February 1998 for further proceedings, including dispositive motions and trial.

DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party's failure to establish an element of proof essential to his case and upon which he will bear the burden of proof at trial constitutes a failure to establish a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). See also *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2

Not Reported in F.Supp., 1998 WL 1048241
(Cite as: Not Reported in F.Supp.)

*(1) Strict Liability, Negligence, Breach of Implied Warranty*

Under Kentucky law, a manufacturer is liable for products "in a defective condition unreasonably dangerous to the user or consumer." *Morales v. American Honda Motor Co.*, 151 F.3d 500, 506 (6th Cir.1998) (quoting *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776, 780 (Ky.1984)); *Leslie v. Cincinnati Sub-zero Products, Inc.*, 961 S.W.2d 799, 803 (Ky.Ct.App.1998). Therefore, to establish a products liability claim for strict liability, negligence, or breach of implied warranty, the plaintiff must prove that the product was defective. Love has offered no evidence that the Danek bone screws used in his surgery were defective in any way. Although Love asserts that he was in pain following the surgery, this is insufficient to establish that the products used in the surgery were defective.

*2 Furthermore, "under Kentucky law, a plaintiffs has the burden of establishing causation in claims of strict liability, as well as in claims of negligence and breach of implied warranty." FN1 *Morales*, 151 F.3d at 507 (citations omitted). The plaintiffs must prove that the product was a substantial factor in causing the injury. *Id.* Love's medical expert concludes that his injuries were caused by the bone screws. Although he purportedly relies on Love's medical records, he fails to explain his reasoning and offers no facts to support his conclusion. A physician's conclusion, without supporting medical evidence, is not enough to establish causation. The Sixth Circuit has held that the "mere fact that an opinion is asserted to be based upon medical studies cannot by itself establish as a matter of law that it is documented and reasoned. Rather, that determination requires the factfinder to examine the validity of the reasoning of a medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based." *Director, Office of Workers' Compensation Programs v. Rowe*, 710 F.2d 251, 255 (6th Cir.1983). *See Michele v. NCR Corp.*, 54 F.3d 776, 1995 WL 296331, * *3 (6th Cir.1995).

FN1. Even if Love were able to prove a defective condition in the bone screws caused his injury, he would have no standing to pursue a breach of warranty claim because he is not in privity of contract with manufacturer. *Snawder v. Cohen*, 749 F.Supp. 1473, 1481 (W.D.Ky.1990); *Munn v. Pfizer Hosp. Products Group, Inc.*, 750 F.Supp. 244, 248 (W.D. Ky 1990); *Real Estate Marketing, Inc. v. Franz*, 885 S.W.2d 921, 926 (Ky.1994).

Accordingly, the plaintiffs have offered insufficient evidence to prove that the Danek bone screws were defective and that they caused Love's injuries. Because the plaintiffs have failed to raise a genuine issue of material fact, we will grant the defendant's motion for summary judgment on the plaintiffs' strict liability, negligence, and breach of warranty claims.

*(2) Fraud and Misrepresentation*

In their response, the plaintiffs state that they will not pursue their claims for fraud and negligent promotion and negligent misrepresentation. The plaintiffs also request that this court dismiss with prejudice their conspiracy claim to the extent they allege a conspiracy to engage in fraudulent or deceptive conduct, each party to bear his own costs. Accordingly, we will dismiss these claims with prejudice.

The plaintiffs also request that this court stay resolution of the fraud on the FDA claim and conspiracy to violate the FDCA claim pending a decision on this same issue by the Third Circuit, the appellate court presiding in this multidistrict litigation. However, because the Eastern District of Pennsylvania has previously dismissed the plaintiffs' claim for conspiracy to violate the FDCA, this claim remains dismissed and is not pending before this court. *See Kirkman v. Sofamor, S.N.C.*, 1998 WL 666706, at *5 (W.D.N.C. July 21, 1998); *Henlsey v. Danek Medical, Inc.*, 1998 WL 665730, at *8 (W.D.N.C. May 29, 1998); *Cali v. Danek Medical, Inc.*, 1998 WL 665754, at *7 (W.D.Wis. May 18, 1998); *Coleman v. Danek Medical, Inc.*,

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 3
Not Reported in F.Supp., 1998 WL 1048241
(Cite as: Not Reported in F.Supp.)

1998 WL 672702, at *3-4 (S.D. Miss. April 30, 1998). Accordingly, we will deny the plaintiff's motion to conform this case to MDL Pretrial Order No. 1543 and decline to stay resolution of the plaintiff's claim for conspiracy to violate the FDCA.

### (3) Negligence Per Se

*3 The plaintiffs argue that the defendants' promotion of the bone screw constituted negligence *per se* because it violated the statutory standard of care set forth in the Medical Device Amendments to the Federal Food Drug and Cosmetic Act ("FDCA"). Under the doctrine of negligence *per se*, the plaintiffs retains the burden of proving that the statutory violation caused the injury. *Cole v. Cobb*, 961 F.2d 1576, 1992 WL 92788, * *4 (6th Cir.1992). *See also Real Estate Marketing, Inc. v. Franz*, 885 S.W.2d 921, 927 (Ky.1994) (citations omitted). Therefore, assuming, without deciding, that the defendants violated a statutory duty of the FDCA, we nevertheless must grant summary judgment in favor of the defendants on this claim because, as discussed above, the plaintiffs have failed to raise a genuine issue of material fact that the bone screws caused Love's injury.

### ORDER

Motions having been made and the court being otherwise sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED that:

(1) The motion of the defendants, Sofamor Danek Group, Inc., Danek Medical Inc., Warsaw Orthopedic, Inc., and Sofamor S.N.C. (collectively "Danek"), for summary judgment on the plaintiff's claims for strict liability, negligence, breach of implied warranty, negligence *per se*, fraudulent and negligent promotion, and negligent misrepresentation is GRANTED. These claims are DISMISSED WITH PREJUDICE as to defendant Danek.

(2) The plaintiffs' motion to DISMISS WITH PREJUDICE their conspiracy claim to the extent they allege a conspiracy to engage in fraudulent or deceptive conduct, each party to bear his own costs, is GRANTED.

(3) The plaintiffs' motion to conform this case to MDL Pretrial Order No. 1543 and to SEVER AND STAY their claim for fraud on the FDA and their remaining conspiracy claims to the extent they allege a conspiracy to promote the sale and distribution of bone screws in violation of federal law is DENIED. This claim has been dismissed by the Eastern District of Pennsylvania and is not pending before this court.

W.D.Ky.,1998.
Love v. Danek Medical, Inc.
Not Reported in F.Supp., 1998 WL 1048241

Briefs and Other Related Documents (Back to top)

• 3:95cv00706 (Docket) (Oct. 20, 1995)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.